CASEY ANNE HULTIN (SBN 302904)
**HULTIN LAW, PC.**
490 43rd Street, #1062
Oakland, CA 94609
Tel: (510)342-1435
Email: casey@hultinlaw.com

ALAN A. CARRICO (SBN 105373)
GARRETT FRY (SBN 277855)
**BELGUM, FRY & VAN ALLEN, LLP**
1905 E. Route 66, Suite 102
Glendora, CA 91740
Tel: (626)914-9806
Email: **alan@belgumlaw.com**
        garrett@belgumlaw.com

JAY B. LAKE (SBN 134386)
Email: **Jay.Lake@lewisbrisbois.com**
ALEXANDER J. HARWIN (SBN 225254)
Email: **Alexander.Harwin@lewisbrisbois.com**
DANIEL WINTER (SBN  346460)
Email: **Daniel.Winer@lewisbrisbois.com**
**LEWIS BRISBOIS BISGAARD & SMITH LLP**
633 West 5th Street, Suite 4000
Los Angeles, CA 90071
Tel: (213)250-1800

Attorneys for Defendant, OSI/Fleming's, LLC

## UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| EVA GRIJALVA | Case No: 2:24-cv-04621-RGK-JPR |
| Plaintiff, | Assigned to the Honorable R. Gary Klausner |
| v. | |
| FLEMINGS PRIME STEAKHOUSE & WINE BAR, an unknown entity; BLOOMIN' BRANDS, INC., a Delaware Corporation, and Does1-40, inclusive, | **JOINT RULE 26(f) CONFERENCE** |
| Defendants. | Action Filed:    March 19, 2024<br>Removal Date: June 3, 2024<br>Scheduling Conference: July 15, 2024<br>Time: 9:00 A.M.<br>Location: Roybal Federal Building and U.S. Courthouse, 255 East Temple Street, Los Angeles, CA 90012, Courtroom 850, 8th Floor |

TO THE HONORABLE COURT, ALL INTERESTED PARTIES, AND TO THEIR ATTORNEYS OF RECORD:

Pursuant to Federal Rule of Civil Procedure ("FRCP"). Rule 26(f). Central District Local Rule ("L.R.") 26-1, and this Court's June 13, 2024 Scheduling Conference Order, Plaintiff, Eva Grijalva (hereinafter "Plaintiff"), and Defendant OSI/Fleming's, LLC, (hereinafter "Defendant"), through their respective counsel of record respectfully submit the following Joint Rule 26(f) Conference Report.

Pursuant to Rule 26(f)(2) and L.R. 26-1, the Parties, through their respective counsel, participated in a meeting of counsel on June 24, 2024.

## JOINT SCHEDULING CONFERENCE REPORT

### A. Statement of the Case

On May 22, 2023 Plaintiff was a customer at Fleming's Prime Steakhouse and Wine Bar located at 179 E. Colorado Blvd, Pasadena, CA. At that visit, Plaintiff alleges she sat down on a chair/bar stool when it suddenly and without warning collapsed, causing Plaintiff to fall to the floor. Plaintiff claims a result of the incident, she suffered severe neck, back and knee injuries.

Plaintiff brings claims for general negligence, strict products liability and premises liability.

Defendant disputes liability, causation, and damages.

### B. Subject Matter Jurisdiction

This action was commenced in Los Angeles County Superior Court but was removed by Defendant under a claim of Subject matter jurisdiction based upon diversity.

### Legal Issues

The principal issues in this case are

1) Whether Defendant was negligent in the use or maintenance of its property;

2) Whether Doe Defendants manufacturer and supplier or other entity in the chain of commerce are strictly liable for manufacturing and/or supplying a defective product;

3) Whether Plaintiff was harmed;

4) Whether Defendant's negligence was a substantial factor in causing Plaintiff's harm;

5) Whether Doe Defendants manufacturer and supplier or other entity in the chain of commerce product was a substantial factor in causing Plaintiff's harm;

6) Defendant further identifies and references each and every affirmative defense to be raised in an Answer as a legal issue involved in this case.

The Parties do not anticipate any unusual substantive, procedural or evidentiary issues with the exception of: (1) depending on Plaintiff's allegations with regard to the identities of the product's manufacturer, supplier or other entity in the chain of commerce, a new party(s) may need to be brought in by amended complaint and/or cross-complaint.

**C.  Additional Parties**

Plaintiff does anticipate the appearance of additional parties as follows: Manufacturer, supplier, or any other entity in the chain of commerce for the product in question.

Defendant may seek to add the same additional parties as cross-defendants.

**D.  Parties, Evidence, etc.**

**Plaintiff:** Eva Grijalva.

**Plaintiff's Witnesses:** Eva Grijalva; Steven Martinez; Matthew Santa Cruz; P.A.; Chris Bazemore, D.O.; Dharmesh Meta, M.D.; James Kim, M.D.; Rudy Ramirez, PA-C; Katrina Von Kreigenboorgh, M.D.; Danica Holt, M.D.; Adil Mazhar, M.D; Nicole Dominguez; unknown OSI/Fleming's agents, employees and managers; unknown agents, employees, managers of Doe manufacturing/suppliers,

or other entities in the chain of commerce of the product in question; future retained expert witnesses.

**Plaintiff's Key Documents:** Medical records and billing, injury photographs, and unknown documents obtained in discovery.

**Defendant:** OSI/Fleming's, LLC.

**Defendant's Witnesses:** Restaurant general manager, floor manager, servers on site at time of alleged incident, maintenance persons from Saul's Cleaning Services on and around the date of the incident, and the person most knowledgeable at Wildwood Marketing.

**Defendant's Key Documents:** The specifications, drawings, blueprints, and schematics regarding the chair/barstool, witness statements, employee safety protocols, procedures regarding safety inspections and protocol, service contract with Saul's Cleaning Services, photographs of the subject chair/barstool, and daily sweep sheets and maintenance/repair documentation pertaining to furniture in the restaurant.

**Damages:**

Currently, Plaintiff's past medical expenses and future medical expenses are anticipated to exceed $150,000. As such, including noneconomic damages, it is likely Plaintiff will prove damages in excess of $500,000.

**E.  Insurance**

Plaintiff has no insurance.

Defendant is self-insured.

**F.  Motions**

Plaintiff does anticipate motions seeking leave to amend to add other parties or claims, file amended pleadings, motion to remand action back to state court, transfer venue or dispositive motions, and motions to compel discovery responses at this time.

Defendant may need to file a motion seeking to add a cross-defendant depending on the nature of Plaintiff's claims as described above.

Defendant anticipates that it will file a motion for summary judgment, or in the alternative partial summary judgment. The parties do not anticipate any other motions (other than motions in limine) at this time, but reserve the right to do so if it becomes appropriate in light of discovery.

**G.  Manual for Complex Litigation**

This matter is not complex.

**H.  Status of Discovery**

Discovery has been partially completed. Plaintiff served Defendant with California Judicial Council Form Interrogatories, Special Interrogatories, Requests for Admissions and Request for Production of Documents on May 1, 2024. On June 3, 2024, Defendant objected to all of Plaintiff's propounded discovery on the basis that discovery was now governed by Federal Rules of Civil Procedure. Defendant propounded the following discovery on Plaintiff on April 29, 2024: California Judicial Council Form Interrogatories, and Request for Production of Documents. Plaintiff responded to that discovery May 22, 2024.

The Parties have agreed to exchange initial disclosures as required by Rule26(a)(1) on or before early meeting of counsel.

**Subjects On Which Discovery May be Needed**

The Parties suggest that the scope and limit of the use and methods of discovery be governed by the FRCP.

The Parties agree that discovery should be conducted as to all claims and defenses set forth in the pleadings.

**a)  Plaintiff currently intends on conducting the following discovery:**

Plaintiff intends to serve Defendant OSI/Fleming's LLC with Requests for Production of Documents, Interrogatories, Request for Admissions regarding liability and damages issues.

Plaintiff intends to take depositions, including Person Most Knowledgeable depositions and/or the deposition of Fleming's manager Nicole Dominguez.

At an appropriate time, depositions of defense expert(s), if any.

  **b) Defendants intend to conduct discovery on the following matters:**

Defendant intends to take depositions, including Plaintiff, her medical providers, her companions at the restaurant (if any), and damages experts depending on the amount of Plaintiff's claimed noneconomic damages for pain and suffering. Defendant will need to obtain Plaintiff's full medical background as her injuries may be pre-existing.

At an appropriate time, depositions of retained plaintiff expert(s), if any.

**1) Issues About Discovery of Electronically Stored Information.**

The Parties do not anticipate any issues with the disclosure or discovery of electronically stored information.

**2) Issues About Claims of Privilege Or Of Protections as Trial Preparation Materials.**

Plaintiff will likely need to redact certain non-relevant medical and financial information.

Defendant will require a protective order governing the review and dissemination of its trade secret policies and procedures.

In addition, Defendant will assert Attorney-Client Privilege as to incident reports and investigation materials provided in anticipation of litigation.

**3) Changes To The Limitations of Discovery**

The Parties do not anticipate any changes to the limitations of discovery will be needed.

**4) Any Other Orders that the Court Should Issues.**

The Parties do not anticipate any other orders should be issued under Rule 26(c) or Rule 16(b) and (c) of the Federal Rules of Civil Procedures.

**I. Discovery Cut-Off Dates**

The Parties propose that non-expert discovery should be completed by August 11, 2025, 45 days before the Parties' proposed trial date September 25,

2025.

### J. Expert Discovery

Initial Expert Disclosures and Report Deadline:      June 27, 2025;

Rebuttal Expert Disclosures and Report Deadline:      July 13, 2025; and

Discovery Cut-off for Expert Disclosures:      August 25, 2025

### K. Dispositive Motions

Plaintiff nor Defendant do not intend on bringing a dispositive motion at this time.

### L. Settlement/ Alternative Dispute Resolution (ADR)

There has been no settlement discussion to date:

As specified in L.R. 16-15.4, the Parties request that any future settlement conference occur pursuant to ADR Procedure Number 3 (private mediation).

### M. Trial Estimate

The Parties demand trial by jury and estimate the trial will last approximately seven court days.

Plaintiff anticipates calling 10 number of witnesses.

Defendant anticipates calling 10 witnesses if allowed to complete direct examination at the time certain witnesses are called in Plaintiff's case in chief.

### N. Trial Counsel

Plaintiff's Trial Counsel: Casey Hultin, Alan A. Carrico, Garrett Fry

Defendant's Trial Counsel: Jay B. Lake, Alexander J. Harwin, Daniel Winter

### O. Independent Expert or Master

The Parties do not anticipate appointing a master pursuant to Rule 53 of an independent scientific expert.

### P. Timetable

The timetable is attached hereto as Exhibit A.

### Q. Other Issues

The Parties do not anticipate any other issues.

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**EXHIBIT A:**

**Proposed Discovery and Trial Schedule**

| Matter | Plaintiff's Request | Defendant's Request | Court's Order |
|---|---|---|---|
| Jury Trial (Tuesday at 9:00 a.m.) Length: 7 days | September 23, 2025 | October 20, 2025 | |
| Final Pretrial Conference [L.R. 16] and Hearing on Motions *In Limine* (Monday- two (2) weeks before trial date) | September 8, 2025 | September 8, 2025 | |
| Last Date to Conduct Settlement Conference | July 25, 2025 | July 25, 2025 | |
| Last Date to **Hear** Non-discovery Motions (Monday at 9:00 a.m.) | July 25, 2025 | July 25, 2025 | |
| All Discovery Cut-Off (including hearing all discovery motions) | August 25, 2025 | August 25, 2025 | |
| Expert Disclosures (Rebuttal) | July 13, 2025 | July 13, 2025 | |
| Expert Disclosures (Initial) | June 27, 2025 | June 27, 2025 | |
| Last Date to Amend Pleadings or Add Parties | January 15, 2025 | January 15, 2025 | |

ADR L.R. 16-15 Settlement Choice:

        Attorney Settlement Officer Panel

        Private Mediation

        Magistrate Judge

1

2                                         **CASEY ANNE HULTIN**

3                                         **HULTIN LAW, PC**

4

5                                         **ALAN A. CARRICO**
                                        **GARRETT FRY**

6                                         **BELGUM,FRY&VAN ALLEN**

7

8 Date:                            By:    /s/Casey A. Hultin
                                         CASEY HULTIN

9

10                                         Attorneys for Plaintiff,
                                        EVA GRIJALVA

11

12                                         **LEWIS, BRISBOIS,**
                                     **BISGAARD & SMITH, LLP**

13

14 Date:                            By:    /s/ Jay B. Lake

15

16                                         Jay B. Lake
                                        Attorneys for Defendant,
                                        OSI/FLEMING'S LLC

17

18

19

20

21

22

23

24

25

26

27

28